## WILSON v. GABLER.

1. Under Comp. Laws, § 1362, requiring county commissioners to grant a ferry license to the highest bidder, a person making the highest bid within half an hour after the opening of a session of the board, and while but three of the five members had yet arrived at the place of meeting, is entitled to the license, though the three members of the board had previously accepted the bid of another.

2. Comp. Laws, § 1362, authorizing a grant of a lease of a ferry to a person securing the payment of the highest rent, such lease to be executed by the county commissioners and such highest bidder, precludes the grant of a ferry license to one who does not secure rent or execute a lease.

(Opinion filed Oct. 18, 1898.)

Appeal from circuit, Brule county.    Hon. FRANK B. SMITH, Judge.

Action by S. E. Wilson against George Gabler to enjoin the maintenance of a certain ferry.    From a judgment for defendant, plaintiff appeals.    Reversed.

The facts are stated in the opinion.

*S. H. Wright* and *B. C. Huddle* for appellant.

*James Brown* for respondent.

FULLER, J.    The judgment appealed from, permanently restraining plaintiff from running a ferry boat across the Missouri river within certain points between the counties of Brule and Lyman, both of which are wholly within this state, is the

result of litigation between rival ferrymen; each claiming to
be the exclusive licensee, by virtue of certain proceedings had
by the board of county commissioners of each county, respect-
ively, as shown by the findings of fact which we shall notice,
and upon which the trial court based the following conclusions
of law: "That the ferry license or lease granted to defendant
by the board of county commissioners of Lyman county is
valid and exclusive for a distance of two miles up and down
the river upon either side of a line straight across the river from
the point where the section line between sections 26 and 35,
township 101, range 71, in Lyman county, S. D., intersects the
Missouri river. (2) That the operating and maintaining of a
ferry by plaintiff at a place within two miles of such line is an
infringment upon the franchise and rights of the defendant,
and that plaintiff's application for an injunction should be de-
nied, and defendant's application for an injunction against
plaintiff's maintaining and operating such ferry should be
granted." By § 1361 of the Compiled laws, it is made a penal
offense for any one to establish, maintain or operate a ferry
for hire or reward without first having applied for and obtain-
ed from the board of county commissioners a license therefor;
"and whenever any ferry lease has been granted no other
lease shall be granted within a distance of two miles thereof
across the same stream." § 1362: "The board of county com-
missioners of the county to whom application shall be made
for a ferry * * * are hereby authorized and it shall be
their duty to grant a lease of such ferry for a term not exceed-
ing fifteen years, to such person or persons who shall bid and
secure the payment of the highest amount of rent for the
same, such lease to be executed by the said board of county

commissioners as lessors and such highest bidder or bidders as lessees." It is claimed that all the preliminary steps and and procedure of the Brule county commissions, resulting on the 5th day of July, 1897, in a 10-year lease, upon which appellant relies, were in substantial conformity with the statute; but, upon a careful consideration of all the proceedings of the board of county commissioners with reference thereto, we are led to the conclusion that he should be permitted to assert no rights thereunder. The person designated as the "highest bidder" is the one who submits the most liberal offer for the exclusive right; and it affirmatively appears from the following finding of fact that appellant was not such, and that the statutory method of giving all a fair opportunity to bid was not observed. "That plaintiff's bid for a ferry franchise at the point named in his application was the only bid received by the board of county commissioners of Brule county at their meeting on July 5, 1897, but was not the only bid offered; but there was a bid offered by the defendant of the sum of $5.50 a year for the ferry franchise at the same point, which bid was higher than plaintiff's bid, and was tendered to said board less than half an hour after opening of the first day of said July session, and while but three of the five membes of said board had yet arrived, at the place of meeting, but said bid of defendant was rejected by said board on the ground that, having accepted plaintiff's bid, they had no jurisdiction to entertain defendant's bid."

We will now determine the legal effect of the following proceedings had in Lyman county, which the court below found sufficient to vest in respondent the exclusive right to maintain the ferry in question. On the first day of March, 1897, res-

pondent presented to the board of county commissioners a written application for a ferry license, in which he proposed to procure and operate a suitable ferryboat, and to pay to the county of Lyman $1 per year for 15 years in full compensation for the privilege. This application received favorable consideration by the board then in session, and was indorsed: "Allowed March 1st, 1897. George Hice, Chairman." And at the same time a paper was signed by the county auditor and chairman of the board, which refers to such application, and recites that respondent "has paid a license fee of one dollar for the year ending March 1, 1898, and is hereby granted a license to run and operate such ferry for a term of fifteen years from this date, at an annual license fee of one dollar a year." No security was ever given for the rent, nor a lease executed by respondent as lessee, and the commissioners of Lyman county as lessors. The only person with whom the county commissioners are authorized to enter into a lease is one who "shall bid and secure the payment of the highest amount of rent" for a definite term, not to exceed fifteen years; and as respondent is not such a person, and did not secure the rent or enter into a lease, he has no legal right to operate the ferry. Our conclusion is that neither party is entitled to an injunction, and the judgment appealed from is reversed, with the direction that the court below dismiss the action.